IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS CORTEZ ADDISON                                                              PLAINTIFF

V.                              NO: 3:15CV00287 BRW/PSH

JOEY MARTIN *et al*                                                                   DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Nicholas Cortez Addison, who is currently held at the Poinsett County Detention Center, filed a *pro se* complaint, along with an application for leave to proceed *in forma pauperis*, on September 14, 2015.

Because plaintiff's complaint should be dismissed without prejudice pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), his application for leave to proceed *in forma pauperis* should be denied.

Under the three-strikes provision of the PLRA, a prisoner may not bring a civil action *in*

1

*forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that plaintiff has had more than three prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Addison v. Martin et al*, ED/AR No. 3:15CV00001, *Addison v. Martin et al*, ED/AR No. 3:15CV00096; *Addison v. Muse*, ED/AR No. 3:15CV00133, *Addison v Martin*, ED/AR No. 3:15CV00164. The Court additionally finds, based on the allegations contained in plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, plaintiff asserts detention center officials are not providing cell cleaning supplies. Plaintiff's general complaint that the cell is unsanitary does not describe imminent danger of serious physical injury.

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's application for leave to proceed *in forma pauperis* (docket entry 1) be DENIED, and his complaint be DISMISSED WITHOUT PREJUDICE. If plaintiff wishes to continue this case, he should be required to submit the filing and administrative fees of $400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the case's dismissal, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case should be reopened.

2. The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 16th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE